UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **Anthony A. Gaetano,** )  )  **Plaintiff** )  ) v. )   **Portfolio Recovery Associates, LLC,** )  )  **Defendant.** ) | Civil Action No.:_____  Jury Trial Demanded |

## COMPLAINT

1. This is an action brought by the Plaintiff, Anthony A. Gaetano, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*, (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina's common laws set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff, Anthony A. Gaetano, is a resident and citizen of the State of South Carolina, Florence County, and is over the age of twenty-one (21) years. Plaintiff is

a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

4. Portfolio Recovery Associates, LLC ("PRA")is a Virginia Corporation and can be served with process through its President and CEO, Steve Fredrickson, 120 Corporate Blvd., Norfolk, VA 23502. The Defendant, was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division. The Defendant is engaged in the business of collecting consumer debts from consumers residing in South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. On or about August 17, 2011, the Defendant sent correspondence to the Plaintiff in which the Defendant indicated that it had purchased an account allegedly owed by the Plaintiff. Said correspondence indicated that the Plaintiff had 30 days to request validation of the alleged debt and that upon receipt of a written request by the Plaintiff, the Defendant would provide verification of the alleged debt.

6. After sending correspondence to the Plaintiff, the Defendant began to make harassing phone calls to the Plaintiff in an attempt to collect the alleged debt.

7. Between the dates of August 31, 2011 and the filing of this lawsuit, the Defendant has made no less than 36 harassing phone calls to the Plaintiff in an attempt to collect an alleged debt.

8. On August 31, 2011, the Defendant called the Plaintiff four times in an attempt to collect an alleged debt.

9. The Defendant called the Plaintiff on more than one occasion on each of the following days: September 12, September 13, September 15, October 20, November 9 and November 17.

10. On October 25, 2011, the Defendant called the Plaintiff and told the Plaintiff that the debt was reporting the debt as a new debt and that it would stay on his credit for seven years.

11. On October 29, 2011, the Defendant called the Plaintiff at 8:10 A.M. Saturday morning. The Plaintiff asked the Defendant who owned the debt and the Defendant refused to divulge the requested information. The Defendant told the Plaintiff that the last payment on the debt was made on July 6, 2006.

12. On November 26, the Defendant again called the Plaintiff. During this call, the Defendant again told the Plaintiff they would report this account for seven years on his credit report.

13. On a number of occasions, the Defendant caused a false name to appear on the Plaintiff's caller ID. Such a practice is common in the debt collection industry and is known as "spoofing".

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

14. The Plaintiff adopts the averments and allegations of paragraphs 5 through 13 hereinbefore as if fully set forth herein.

15. The Defendant has engaged in collection activities and practices in violation of the Fair

Debt Collection Practices Act with respect to the Plaintiff and his alleged consumer debt.

16. The Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

17. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff at home and on his cell phone with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce him into paying a debt in violation of §1692d(5).

18. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt, including but not limited to sending false information to the Plaintiff's caller ID, or "spoofing", as well as refusing to identify the owner of the debt.

19. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt, including but not limited to reporting this account as a new account rather than reporting from date last paid.

20. The Defendant violated §1692g(3) by requiring the Plaintiff to make a written request to receive validation of the alleged debt.

21. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish for which he seeks the maximum statutory damages, actual damages, plus attorney's fees and costs.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

22. The Plaintiff adopts the averments and allegations of paragraphs 5 through 21 hereinbefore as if fully set forth herein.

23. The Defendant knew or should have known of its inadequate training and supervision. If the Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

24. The Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper and was in violation of the FDCPA as well as South Carolina state and common law.

25. The Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

26. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

27. The Plaintiff adopts the averments and allegations of paragraphs 5 through 26 hereinbefore as if fully set forth herein.

28. The Defendant knew or should have known of its inadequate training and supervision. If the Defendant had properly trained and supervised its employees, agents, and

assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

29. The Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper and in violation of the FDCPA as well as South Carolina state and common law.

30. The Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

31. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FOUR
## SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT

32. The Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 31 as if set forth fully herein.

33. The activities of the Defendant constitute "trade or commerce" as defined by South Carolina Code §39-5-10, *et. seq.* (As amended).

34. The actions of the Defendant described above constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, §39-5-10 *et.seq.* and are knowing and willful violations thereof.

35. The Plaintiff further alleges that the actions of the Defendant have a real and substantial potential for repetition and are a threat to the public interest.

36. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendant and is entitled, under § 39-5-140, to recover actual damages in an amount to be proven at trial, treble of said actual damages for Defendant's knowing and willful behavior, and an award of reasonable attorney's fees and costs.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant for the following:

A. Actual damages for the Defendant's violations of the FDCPA;

B. Statutory damages of $1,000 for the Plaintiff pursuant to 15 U.S.C. §1692k;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

D. Compensatory and punitive damages against Defendant in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to the Defendant's Negligent Training, Reckless and Wanton Training and Supervision;

E. For relief in amounts or other appropriate relief as may be determined for the Plaintiff's actual damages, for the Plaintiff's actual damages to be trebled by the Court as it deems proper, and attorney's fees against Defendant for its violations of the South Carolina Unfair Trade Practices Act, Sections §39-5-10, et seq. of the South Carolina Code of Laws Annotated; and

F. For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley

                                        Penny Hays Cauley, Fed ID#10323
                                        Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

        **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

                                        /s/ Penny Hays Cauley
                                        Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL, RESTRICTED DELIVERY:**

Portfolio Recovery Associates, LLC
c/o   Steve Fredrickson, President and CEO
120 Corporate Blvd.
Norfolk, VA 23502